955 A.2d 962 (2008)
402 N.J. Super. 583
EASTERN CONCRETE MATERIALS, INC., Plaintiff-Appellant,
v.
TARRAGON EDGEWATER ASSOCIATES, LLC; and Nigo Construction Corp., Defendants, and
Daibes Brothers, Inc., Defendant-Respondent.
No. A-0067-07T3
Superior Court of New Jersey, Appellate Division.
Argued: May 5, 2008.
Decided September 16, 2008.
*963 Craig W. Miller, argued the cause for appellant.
Carolyn B. Hand, Hackensack, argued the cause for respondent (Herten, Burstein, Sheridan, Cevasco, Bottinelli, Litt & Harz, attorneys; Patrick Papalia, of counsel; Ms. Hand, on the brief).
Before Judges STERN, C.L. MINIMAN and KESTIN.
The opinion of the court was delivered by
KESTIN, J.A.D. (retired and temporarily assigned on recall).
Plaintiff, Eastern Concrete Materials, Inc., appeals from an order of August 2, 2007 granting the motion of defendant Daibes Brothers, Inc. (Daibes) for reconsideration of an April 12, 2007 judgment on an order to show cause, entered pursuant to R. 4:67-5; vacating that order and judgment; holding that plaintiff "is not a valid and rightful lien claimant" under the terms of N.J.S.A. 2A:44A-2, a provision of the Construction Lien Law, N.J.S.A. 2A:44A-1 to -38; and ruling that a March 27, 2007 arbitration decision and award issued pursuant to N.J.S.A. 2A:44A-21 "be considered a valid interpretation of the lien provisions and thereby reinstated[.]" Judge Donohue appended a "rider" to the August 2, 2007 order elucidating the reasons for the result reached.
According to plaintiff's own depiction of the facts, it supplied certain construction materials valued at $701,864.72 in connection with "the improvement of a . . . high-rise condominium building[.]" The bill for those materials, addressed to "Nigo Construction" (Nigo) of Newburgh, New York, was not paid and plaintiff filed a lien against the property, citing the authority of the Construction Lien Law.
Further according to plaintiff,
[t]hose construction materials were used and incorporated by Nigo Construction Corp. in the performance of the cast-in-place foundation and slabs labor work for the construction of the . . . building under a June 3, 2005 Purchase Order from R & L Construction Corporation for such direct foundation and slabs construction work.
The owner and developer of the . . . project is Tarragon Edgewater Associates, LLC, that, in turn, had contracted on April 4, 2005 with the defendant, Daibes Brothers, Inc. . . . to be the General Contractor for the overall labor services and materials provision for the . . . project.
Plaintiff, itself, summarizes the relationships by describing Tarragon Edgewater Associates as the owner and developer; Daibes as the "general contractor"; R & L Construction Corporation (R & L) as the "subcontractor"; Nigo as having done work that was "the subject of [a] June 3, [2]005 Purchase Order from R & L[;]" and *964 plaintiff as having supplied materials to Nigo.
In his cogent written opinion, Judge Donohue focused on "the three-tier rule established by [the statute.]" He stated:

N.J.S.A. 2A:44-2 limits the definition of a "supplier" to a "supplier of material. . . having a direct privity of contract with an owner, contractor or subcontractor, in direct privity of contract with a contractor."
The supplier must have a contractual relationship with either an owner, general contractor or subcontractor. Plaintiff's purchase order identifies its contractual relationship was with a sub-subcontractor, Nigo Construction Corp. As the court has before it all documents, the findings are that the Construction Lien Act applies.
Plaintiff's argument that R & L Construction was the alter ego of Daibes is rejected. Assuming that the contract was limited to Cast-In-Place Concrete work does not negate Daibes'[s] status. The obligation to the owner, Tarragon, was Daibes'[s] obligation, and not [that of] R & L Construction. N.J.S.A. 2A:44A-2 does not elevate plaintiff's position as a supplier with privity of contract with the owner, contractor or subcontractor (R & L).
An arbitrator had reached the same conclusion after construing and applying N.J.S.A. 2A:44A-2.
As the trial court held, the plain meaning of the statute controls. In addition to the definition of "supplier" as recited in Judge Donohue's opinion, the three-tier orientation of the statutory scheme is fortified by the definition of "subcontractor" as "any person providing work or services in connection with the improvement of real property pursuant to a contract with a contractor or pursuant to a contract with a subcontractor in direct privity of contract with a contractor." N.J.S.A. 2A:44A-2. Here, the arbitrator expressly concluded that plaintiff
did not have a contract with the contractor on this job. [Plaintiff] supplied concrete to Nigo. . . . Nigo was not in direct privity of contract with the contractor. Therefore, [plaintiff] is not a supplier pursuant to the [statute] and does not have a right to file a lien claim on real property pursuant to the provision of the [statute].
We decline plaintiff's invitation to reach a result, ostensibly on public policy grounds, that is at variance with the plain meaning of the statute. Courts are obliged to interpret a statute in a way that gives full meaning to all of its terms. See Board of Educ. v. Hackensack, 63 N.J.Super. 560, 569, 165 A.2d 33 (App.Div.1960). The argument propounded by plaintiff in this appeal, i.e., for affixing a meaning to the statute at variance with the clear purport of its terms, is one that should be addressed to the Legislature. We have no warrant to reach a result that is manifestly precluded by the terms of the governing statute. Despite plaintiff's suggestion, Craft v. Stevenson Lumber Yard, 179 N.J. 56, 67-68, 843 A.2d 1076 (2004), requires no such result.
Affirmed.